IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:11-CR-123-D

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| TINNIUS REMONE BELL, | ) | |
| | ) | |
| Defendant. | ) | |

On June 20, 2012, pursuant to a plea agreement [D.E. 84], Tinnius Remone Bell ("Bell") pleaded guilty to conspiracy to distribute and possession with the intent to distribute 500 grams or more of cocaine and a quantity of cocaine base (crack) in violation of 21 U.S.C. § 846 and 841(b)(1)(B). See [D.E. 84] 4; [D.E. 82]. On November 2, 2012, the court held Bell's sentencing hearing. See [D.E. 107]. At the hearing, the court adopted the facts contained in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Bell's total offense level to be 23, his criminal history category to be VI, and his advisory guideline range to be 92–115 months. See [D.E. 109]. After granting the government's motion under U.S.S.G. § 5K1.1 [D.E. 143] and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Bell to 72 months' imprisonment. See [D.E. 108, 109]. Bell did not appeal.

On October 29, 2014, Bell filed a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines. See [D.E. 150]. Bell's new advisory guideline range is 77 to 96 months' imprisonment based on a total offense level of 21 and a criminal history category of VI. See Resentencing Report. Bell requests a 60-month sentence. See id.; [D.E. 150].

The court has discretion to reduce Bell's sentence. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam)

(unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Bell's sentence, the court finds that Bell engaged in a serious conspiracy to possess with the intent to distribute 500 grams or more of cocaine and a quantity of cocaine base (crack). See PSR [D.E. 97] ¶¶ 7–11. Furthermore, Bell has a serious criminal history, including convictions for resisting a public officer, multiple counts of breaking and entering, possession of cocaine, and possession of a firearm by a felon. See id. ¶¶ 15–31. Moreover, while incarcerated on his federal sentence, Bell has been sanctioned for being absent from assignment, abusing the phone, and fighting. See Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011); U.S.S.G. § 1B1.10, cmt. n.1(B)(iii). Nonetheless, Bell also has engaged in some positive behavior while incarcerated. See Resentencing Report.

Having reviewed the entire record and all relevant policy statements, the court finds that Bell received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a) and finds that reducing Bell's sentence would threaten public safety in light of his serious criminal conduct, serious criminal history, and custodial misconduct. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Bell's serious criminal conduct, serious criminal history, and custodial misconduct do not support reducing Bell's sentence. Thus, the court denies Bell's motion for reduction of sentence. See, e.g., Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, Bell's motion for reduction of sentence [D.E. 150] is DENIED.

SO ORDERED. This 28 day of June 2016.

JAMES C. DEVER III
Chief United States District Judge